UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACKERY D. LEWIS by his next friends; RICHARD YOUNG; LYNN G. HAINER, Administratrix of the Estate of ADDIE SMITH; SUSAN W. COLEMAN; KATHY A. BURGER; TRACY PALMER; KENNY ATKINSON by his next friend; BERNICE TATE by her next friend; MARY WAGNER; MICHAEL BIDZILYA by his next friend; WILLIAM ALGAR by his next friend; ANTHONY GALE by his next friends; THE ARC COMMUNITY TRUST OF PENNSYLVANIA; and THE FAMILY TRUST, on their own behalf and on behalf of all other persons similarly situated, <br>    Plaintiffs, <br><br>v. <br><br>GARY ALEXANDER, in her official capacity as Secretary of the Department of Public Welfare of the Commonwealth of Pennsylvania; ERIC ROLLINS, in her official capacity as Executive Director of the Erie County Assistance Office, <br>    Defendants. | CIVIL ACTION <br> NO. 06-3963 |

**Defendants.**

**ORDER**

**AND NOW**, this 22nd day of August, 2011, upon consideration of Plaintiffs' Motion for Summary Judgment (Document No. 49, filed July 10, 2008); Defendants' Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment (Documents No. 55-56, filed August 14, 2008); Plaintiff's Response in Opposition to Defendants' Cross-Motion for Summary Judgment (Document No. 57, filed September 22, 2008); Defendants' Memorandum Providing Supplemental Material (Document No. 58, filed November 12, 2008); Defendants'

Memorandum Providing Supplemental Authority (Document No. 59, filed December 30, 2008); Plaintiffs' Memorandum Providing Supplemental Authority (Document No. 60, filed December 30, 2008); Plaintiffs' Memorandum Providing Supplemental Authority (Document No. 61, filed February 3, 2009); Plaintiffs' Memorandum Providing Supplemental Authority (Document No. 62, filed April 3, 2009); Defendants' Memorandum Providing Supplemental Authority (Document No. 64, filed September 2, 2009); Plaintiffs' Memorandum Providing Supplemental Authority (Document No. 65, filed November 13, 2009); Defendants' Supplemental Memorandum Re: SSI Standards (Document No. 69, filed July 30, 2010); Plaintiff's Supplemental Memorandum Regarding the Application of the "No More Restrictive Methodology" Standard to "Special Needs" and "Pooled" Trusts (Document No. 70, filed August 2, 2010); Plaintiff's Memorandum Providing Supplemental Authority (Document No. 71, July 11, 2011); and Plaintiff's Memorandum Providing Supplemental Authority (Document No. 72, July 11, 2011); for the reasons set forth in the attached Memorandum, dated August 22, 2011, **IT IS ORDERED** as follows:

1. Plaintiff's Motion for Summary Judgment (Document No. 49, filed July 10, 2008) is **GRANTED IN PART AND DENIED IN PART**, as follows:

   a. Plaintiffs' motion is **GRANTED** as to plaintiffs' challenges under 42 U.S.C. § 1983 and the Supremacy Clause to the following subsections of 62 Pa. Stat. Ann. § 1414:

      i. (b)(1), the sixty-five year age limit;

      ii. (b)(2), the special needs requirement;

      iii. (b)(3)(ii), the reasonable relationship requirement;

      iv. (b)(3)(iii), the fifty-percent payback requirement; and

      v. (c), the enforcement provision.

  b. Plaintiffs' motion is **DENIED AS MOOT** as to plaintiffs' procedural due process challenge to trust termination under subsection (c) of 62 Pa. Stat. Ann. § 1414; and

  c. Plaintiffs' motion is **DENIED** as to plaintiffs' challenges under 42 U.S.C. § 1983 and the Supremacy Clause to subsection (b)(3)(i) of 62 Pa. Stat. Ann. § 1414, the sole benefit requirement;

  d. Plaintiffs' motion is **GRANTED** in all other respects.

2. Defendant's Motion for Summary Judgment (Documents No. 55-56, filed August 14, 2008) is **GRANTED IN PART AND DENIED IN PART** as follows:

  a. Defendants' motion is **GRANTED** as to plaintiffs' challenge under the Supremacy Clause to subsection (b)(3)(i) of 62 Pa. Stat. Ann. § 1414; and

  b. Defendants' motion is **DENIED** in all other respects;

3. Subsections (b)(1), (b)(2), (b)(3)(ii), (b)(3)(iii), and (c) of 62 Pa. Stat. Ann. § 1414 are **PREEMPTED** by federal law; and

4. Defendants and their agents are **ENJOINED** from applying or enforcing subsections (b)(1), (b)(2), (b)(3)(ii), (b)(3)(iii), or (c) of 62 Pa. Stat. Ann. § 1414.

          **BY THE COURT:**

          _/s/ Hon. Jan E. DuBois_____
          **JAN E. DUBOIS, J.**